IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Clarence Edward Cyrus, ) | |
| ) | |
| ) | Civil Action No. 8:05-1384-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| U.S. Marshals of Columbia, ) | |
| SC; Strom Thurmond Federal ) | |
| Courthouse; Officials of Lexington ) | |
| County Detention Center; ) | |
| Federal Bureau of Prisons; ) | |
| United States of America; John ) | |
| Radney, U.S. Marshal Service; ) | |
| John Doe I, U.S. Marshal Service; ) | |
| and John Doe II, U.S. Marshal ) | |
| Service, ) | |
| Defendants. ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C.§ 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] which allows an action against federal employees for violations of constitutionally protected rights.[2] This matter is before the Court on the defendants' motions to dismiss or, alternatively, for summary judgment and the plaintiff's motions to hold the proceedings in abeyance pending discovery to identify the "John Doe" defendants and for partial summary judgment.

---

[1] A *Bivens* action is analogous to a claim under 42 U.S.C.§ 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Farmer*, 511 U.S. 825.

[2] The undersigned notes that the plaintiff has conceded that any claims alleged under the Federal Tort Claims Act ("FTCA") should be dismissed. (Pl.'s Mem. Opp. Summ. J. Mot. at 2.) Accordingly, the merits of the plaintiff's conversion claims will not be addressed in this report.

1

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on May 31, 2005, seeking damages for alleged civil rights violations. On March 1, 2006, the defendants United States Marshals, John Radney, Thurmond Federal Courthouse, Federal Bureau of Prisons, and the United States moved to dismiss or, alternatively, for summary judgment.[3] By order filed March 2, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 10, 2006, the defendants Officials of Lexington County Detention Center also filed a motion for summary judgment. By order filed March 13, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to this motion. The plaintiff filed a joint response to both motions on April 7, 2006. On March 28, 2006, the plaintiff filed a motion to hold the proceedings in abeyance pending discovery. On August 14, 2006, the plaintiff filed a motion for partial summary judgment.

## FACTS PRESENTED

The plaintiff is a federal inmate currently housed at Coleman United States Penitentiary ("Coleman-USP"). In his complaint, the plaintiff alleges that when he was housed at the Lexington County Detention Center ("LCDC"), he was not allowed to keep a box of the "legal

---

[3]Because the parties submitted, and the court considered, matters outside of the complaint, the respondents' motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

2

material, documentation and evidence." (Pet. at 3.)[4] He alleges the box was left with the United States Marshals' Service ("Marshals") in Columbia because the Marshals refused to transport the box with the plaintiff to the LCDC. (*Id*.) The plaintiff alleges the box has never been returned to him and he states he needs the materials in the box for collateral proceedings. (Pet. at 4.) He is seeking damages and a transfer from Coleman-USP to a facility in South Carolina. (Pet. at 1.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[4]The plaintiff was convicted of federal drug charges and on August 6, 2001, he was sentenced to two life sentences to run concurrently. *See United States v. Cyrus*, 4:99-CR-00221 (D.S.C. 1999), aff'd 58 Fed. Appx. 978 (4th Cir. 2003). The plaintiff was transferred to the Marshals' custody pursuant to a writ of Habeas Corpus Ad Prosequendum in June 2003. The plaintiff was housed at the LCDC from June 10, 2003, until September 11, 2003,

323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

Based upon his allegations that his box of legal materials was never returned to him, the plaintiff alleges due process violations.[5] He also alleges a deprivation of access to the courts based upon the defendants "unconstitutional seizure and destruction of his legal materials without a lawful warrant or due process of law." (Pl.'s Mem. Opp. Defs.' Summ J. Mot. at 6.) Specifically, the plaintiff refers to two actions which he alleges were impeded by the loss of his box of legal materials: 1) the forfeiture proceeding which resulted in the forfeiture of a house titled in his sister's name; and 2) a medical malpractice action in the Western District of Missouri which was dismissed. (*Id.*)

Where an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. *Lewis v. Casey*, 518 U.S. 343 (1996). Stated differently, an inmate must come forward with something more than vague and conclusory

---

[5] The plaintiff may have had an adequate post-deprivation remedy for recovery of monetary damages under the FTCA for his conversion claim. *See CHoPP Computer Corp. v. United States*, 5 F.3d 1344, 1347 (9th Cir.1993) (holding that claim for conversion was not beyond scope of FTCA). However, as discussed, the plaintiff has stated that any claims alleged under the FTCA should be dismissed - presumably because he has failed to exhaust his administrative remedies. (Pl.'s Mem. Opp. Summ. J. Mot. at 2.)

4

allegations of inconvenience or delay in his instigation or prosecution of legal actions. He must establish a specific prejudice stemming from the denial of the item. Here, the plaintiff has not. He merely makes vague and conclusory allegations that this box of legal materials is missing and was needed for litigation. Accordingly, the plaintiff has failed to state a denial of access claim.

Further, the plaintiff's due process claims also fail. In *Daniels v. Williams*, 474 U.S. 327 (1986), the United States Supreme Court held that the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." *Id*. at 333-334. Consequently, even assuming that the defendants failed to adequately safeguard and store the plaintiff's property resulting in its unintended loss, the plaintiff has alleged nothing more than negligence on the part of corrections officials which would not support a 1983 or *Bivens* claim. *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986)(holding negligence is not actionable under *Bivens*); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir.1987)(same). Accordingly, these claims also fail.

Alternatively, the plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) (holding "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). As noted, the plaintiff was convicted of federal drug offenses and sentenced to two life sentences. *United States v. Cyrus*, 4:99-CR-00221 (D.S.C. 1999), aff'd 58 Fed. Appx. 978 (4th Cir. 2003). In addition, the United States District Court Judge entered a preliminary order of criminal forfeiture pursuant to 21 U.S.C. § 853. *Id.* Following a hearing, the District Court held the plaintiff was the true owner of a house titled in his sister's name and the plaintiff's interest in the house was forfeited. *Id*. (Docket Entry #154). The plaintiff contends the house was not purchased with drug proceeds and should not have been the subject of forfeiture. However, neither his convictions nor the forfeiture have been invalidated and thus this action is barred by the holding in *Heck*. *Baranski v. Fifteen Unknown Agents of*

5

*Bureau of ATF*, 452 F.3d 433 (6th Cir. 2006)(holding *Bivens* claim seeking return of weapons or damages based upon value of weapons criminally forfeited is barred by *Heck*); *Anderson v. State of Maryland*, 2005 WL 3877407 (D.Md. 2005)(holding § 1983 action alleging unconstitutional prosecution and forfeiture is barred unless conviction invalidated).

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motions for Summary Judgment (#29 and #33) be GRANTED; the Plaintiff's motion for Partial Summary Judgment (#41) be DENIED; and the plaintiff's claims be DISMISSED with prejudice.

It is further RECOMMENDED, if the District Court adopts this report, that the plaintiff's pending motions for an extension (#35) and to hold the proceedings in abeyance pending discovery (#36) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 3, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**