IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Clarence Edward Cyrus, ) | |
| ) | |
| ) | Civil Action No. 8:05-1384-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| U.S. Marshals of Columbia, SC; ) | |
| Strom Thurmond Courthouse; ) | |
| Officials of Lexington County ) | |
| Detention Center; ) | |
| Federal Bureau of Prisons; ) | |
| United States of America; ) | |
| John Radney, U.S. Marshal Service; ) | |
| John Doe I, U.S. Marshal Service; ) | |
| and John Doe II, U.S. Marshal ) | |
| Service, ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] which allows an action against federal employees for violations of constitutionally protected rights. This matter is before the Court on the defendants' motions to dismiss or, alternatively, for summary judgment and the plaintiff's motions to hold the proceedings in abeyance pending discovery to identify the "John Doe" defendants and for partial summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial

---

[1] A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Farmer*, 511 U.S. 825.

1

matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on May 31, 2005, seeking damages for alleged civil rights violations. On March 1, 2006, the defendants United States Marshals, John Radney, Thurmond Federal Courthouse, Federal Bureau of Prisons ("BOP"), and the United States moved to dismiss or, alternatively, for summary judgment.[2] By order filed March 2, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 10, 2006, the defendants Officials of Lexington County Detention Center also filed a motion for summary judgment. By order filed March 13, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to this motion. The plaintiff filed a joint response to both motions on April 7, 2006. On March 28, 2006, the plaintiff filed a motion to hold the proceedings in abeyance pending discovery. On August 14, 2006, the plaintiff filed a motion for partial summary judgment.[3]

## FACTS PRESENTED

The plaintiff is a federal inmate currently housed at Coleman United States Penitentiary. In his amended complaint, the plaintiff alleges claims for: "Illegal conversion of plaintiff personal property; illegal seizure and losing or destroying of plaintiff personal property; denial of due process; intentional negligent while acting under the color of law; violation of plaintiff

---

[2]Because the parties submitted, and the court considered, matters outside of the complaint, the respondents' motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

[3]The undersigned filed a report and recommendation in this case on October 23, 2006. (Docket Entry # 46.) After the plaintiff filed objections, the case was resubmitted for further consideration on October 30, 2006. (Docket Entry # 51.)

2

right to equal protection under the law; [and] violation of plaintiff right to redress of grievance." (Am. Compl. at 1.)

The plaintiff alleges that two United States Marshals in Columbia seized a box of his legal documents. (*Id.* at 3.) He alleges while he was housed at the Lexington County Detention Center ("LCDC"), he was not allowed to keep a box of legal documents because it created a fire hazard. (*Id.* 3-4.)[4] He is seeking a declaratory judgment stating the defendants violated his Constitutional rights and actual and punitive damages against only defendants John Radney, John Doe #1, and John Doe #2. (Am. Compl. at 8.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

---

[4]The plaintiff was convicted of federal drug charges and on August 6, 2001, he was sentenced to two life sentences to run concurrently. *See United States v. Cyrus*, 4:99-CR-00221 (D.S.C. 1999), aff'd 58 Fed. Appx. 978 (4th Cir. 2003). The plaintiff was transferred to the Marshals' custody pursuant to a writ of Habeas Corpus Ad Prosequendum in June 2003. The plaintiff was housed at the LCDC from June 10, 2003, until September 11, 2003.

3

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

Initially, the court notes that *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, the plaintiff's claims against the defendants the BOP, the United States, and the United States Marshals' Service, and the individual defendants in their official capacities should be dismissed.[5]

*Search and Seizure*

The plaintiff alleges the defendant John Doe Marshals violated his constitutional rights with the illegal search and seizure of his legal materials without a court order. (Am. Compl. at

---

[5] The court notes that service of process was specifically not authorized upon the defendants the Strom Thurmond Federal Courthouse or the BOP. (Docket Entry # 16.) However, it appears these defendants nonetheless have been served. (Docket Entry # 22.) As discussed herein, the BOP should be dismissed as a defendant. Additionally, the court notes that it is well-settled that only "persons" may act under color of state law, and therefore, a defendant in a section 1983 action must qualify as a "person." A courthouse is not a person who can act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(holding California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)(holding the Piedmont Regional Jail is not a "person" and thus not amenable to suit under § 1983.); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)(holding claims under § 1983 are directed at persons and the jail is not a person amenable to suit). Hence, the Strom Thurmond Federal Courthouse is not a "person" subject to suit under § 1983 and should be dismissed as a defendant.

4

5.) These defendants contend they should be granted summary judgment on these claims and the court agrees.

The Fourth Amendment prohibits unreasonable searches and seizures where persons have a reasonable expectation of privacy in the places searched or items seized. *Katz v. United States*, 389 U.S. 347, 360-61 (1967) (Harlan, J., concurring). However, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).[6] Prisoners have no legitimate expectation of privacy in their cells or in their possessions. *Id.* at 526. Because a prison inmate has no legitimate expectation of privacy, he has no constitutional claim for an illegal search and seizure. *Id*. at 528. Accordingly, the plaintiff's claims alleging an illegal search and seizure should be dismissed.

***Denial of Access***

The plaintiff also alleges a deprivation of access to the courts based upon the defendants "unconstitutional seizure and destruction of his legal materials without a lawful warrant or due process of law" (Pl.'s Mem. Opp. Defs.' Summ J. Mot. at 6) which the court interprets as a claim that the defendants interfered with his right of access to the courts guaranteed by the due process clauses of the Fifth and Sixth Amendments and a claim of a violation of the Equal Protection Clause.

The right of access to the courts is protected by Due Process and Equal Protection Clauses, *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6, (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The Sixth

---

[6]Restrictions on the amount of legal materials in a cell are reasonable and necessary for the safety, security, and orderly maintenance of a correctional facility. *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir.1992))

5

Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

The "touchstone" of a denial of access claim is that inmates are to be afforded "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey,* 518 U.S. 343, 356 (1996). Specifically, the plaintiff refers to two actions which he alleges were impeded by the loss of his box of legal materials: 1) the forfeiture proceeding which resulted in the forfeiture of a house titled in his sister's name; and 2) a medical malpractice action in the Western District of Missouri which was dismissed.

Where an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. *Lewis*, 518 U.S. at 343. Stated differently, an inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions. He must establish a specific prejudice stemming from the denial of the item. Here, the plaintiff has not. He merely makes vague and conclusory allegations that this box of legal materials is missing and was needed for litigation. Some courts have granted summary judgment to prison officials on right of access claims when prisoners have failed to specify the materials seized from them and have failed to explain why these materials were necessary to the prosecution of their claims. *See, e.g., Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir.1987) (holding "Appellant, in opposition to defendant's motion for summary judgment, could and should have stated with specificity exactly what materials he was deprived of and how such deprivation resulted in his

6

being denied the meaningful access to the courts to which he is entitled."). Accordingly, the plaintiff has failed to state a denial of access claim.[7]

Further, it appears the plaintiff was represented in the forfeiture proceeding[8] and representation by counsel negates a prisoner's claim of inadequate access to the courts. *Hause v. Vaught*, 993 F.2d 1079 (4th Cir. 1993). *See also, Frost v. Illes*, 2005 WL 3981680 (D.S.C. 2005).

Finally, the court notes that some of the plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) (holding "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").[9] As noted, the plaintiff was convicted of federal drug offenses and sentenced to two life sentences. *United States v. Cyrus*, 4:99-CR-00221 (D.S.C. 1999), aff'd 58 Fed. Appx. 978 (4th Cir. 2003). In addition, the United States District Court Judge entered a preliminary order of criminal forfeiture pursuant to 21 U.S.C. § 853. *Id.* Following a hearing, the District Court held the plaintiff was the true owner of a house titled in his sister's name and the plaintiff's interest in the house was forfeited. *Id*. (Docket Entry #154). The plaintiff contends the house was not purchased with drug proceeds and should not

---

[7] The plaintiff does not specifically refer to his case in Missouri by a case number. However, there have been two civil cases filed in Missouri by the plaintiff: one on September 27, 2005, and the other May 1, 2002. As the plaintiff was in custody of the Marshals from June through September 2003, the court assumes the plaintiff is referring to the case filed on May 1, 2002, *Cyrus v. Wolfson*, 6:02-3199. In this case, the plaintiff alleged a *Bivens* claim against a staff doctor regarding the medical treatment he received while housed at the Springfield Medical Center for Prisoners. The defendant Dr. Wolfson was granted summary judgment on February 28, 2003. *Cyrus v. Wolfson*, 6:02-3199 (Docket Entry #28). As the plaintiff's Missouri case was dismissed for failure to exhaust administrative remedies over three months prior to the facts alleged in this complaint, the defendants' actions in this case could not have possibly had any effect on his Missouri case. The court notes the second action, in which Dr. Wolfson was again named as a defendant, was filed September 27, 2005, almost four months after the present action was filed. The second Missouri case was dismissed on the basis of absolute immunity on November 8, 2005. *Cyrus v. Wolfson*, 6:05-3104 (Docket Entry # 18).

[8] *See United States v. Cyrus*, 4:99-CR-00221 (D.S.C. 1999).

[9] While *Heck* applies to civil rights action against state actors brought under § 1983, it applies with equal force to civil rights actions asserted against federal actors under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998).

7

have been the subject of forfeiture. However, neither his convictions nor the forfeiture have been invalidated and thus this action is barred by the holding in *Heck*. *Baranski v. Fifteen Unknown Agents of Bureau of ATF*, 452 F.3d 433 (6th Cir. 2006)(holding *Bivens* claim seeking return of weapons or damages based upon value of weapons criminally forfeited is barred by *Heck*); *Anderson v. State of Maryland*, 2005 WL 3877407 (D.Md. 2005)(holding § 1983 action alleging unconstitutional prosecution and forfeiture is barred unless conviction invalidated).

***Due Process***

The plaintiff also alleges a due process violation under the Fifth Amendment. (Am. Compl. at 5.) However, this due process claim also fails. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984), "[a]n unauthorized intentional deprivation of property by a [government] employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." *Id.* at 533; *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir.1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.). There were adequate postdeprivation remedies available to plaintiff and therefore, the conduct complained does not violate the procedural requirements of the Due Process Clause. Accordingly, the defendants are entitled to judgment as a matter of law on plaintiff's due process claim against them.

Additionally, the plaintiff alleges a claim against defendant Radney for failing to respond to the plaintiff's letters requesting the return of his legal materials. (Pl.'s Mem. Opp. S.J. at 5.)[10]

---

[10]The court notes that the plaintiff specifically states he is not alleging any claims under the doctrine of respondeat superior against the defendant Radney. (Pl.'s Mem. Opp. S.J. at 5.)

8

However, a prison official's response, or lack thereof, to an inmate's administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944)(dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)(holding prison official's failure to comply with state's grievance procedure is not actionable under §1983). Thus, even if defendant Radney allegedly failed to process the prisoner's grievances, the plaintiff has not stated a constitutional claim.

***Conversion/ Intentional Neglect***

The court notes that the plaintiff in his Amended Complaint alleges only a conversion claim under the Uniform Commercial Code ("UCC") against the defendant LCDC Officials, but he does not request any relief from the defendant LCDC Officials. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." *FCC v. Pacifica Foundation,* 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions.").

In any event, the UCC is inapplicable in this case and a violation of the UCC does not give rise to a constitutional claim under § 1983. Further, the court notes that the plaintiff alleges the LCDC Officials never possessed his legal materials. Under South Carolina law, conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." *Powell v. A.K. Brown Motor Co.*, 200 S.C. 75, 20 S.E.2d 636, 637

9

(1942). As the LCDC Officials never took possession of the plaintiff's legal materials nor exercised any ownership rights over them, there was no conversion by the LCDC Officials.

Additionally, to the extent the plaintiff alleges a breach of contract claim, such a claim is not cognizable in a § 1983 or *Bivens* action. *Coastland Corp. v. County of Currituck*, 734 F.2d 175, 178 (4th Cir.1984) (holding contractual rights do not give rise to claims under 42 U.S.C. § 1983). Furthermore, the court notes that the plaintiff has conceded that any claims alleged under the Federal Tort Claims Act ("FTCA") should be dismissed. (Pl.'s Mem. Opp. Summ. J. Mot. at 2.)[11]

### *Exhaustion*

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. The PLRA's exhaustion requirement is mandatory. *Anderson v. XYZ Corr. Health Sers.*, 407 F.3d 674, 676-77 (4th Cir.2005). Even when the prisoner seeks relief not available in the grievance proceedings, such as money damages, exhaustion is a prerequisite to suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The defendants contend the plaintiff has failed to exhaust his administrative remedies. Citing *McCarthy v. Madigan*, 503 U.S. 140, 149 (1992), in his complaint, the plaintiff contends that exhaustion is not required "when the damage is done." (Am. Compl. at 2.) In *McCarthy*, the Supreme Court held that federal inmates filing constitutional claims for monetary damages do not have to exhaust their administrative remedies. However, at the time of the *McCarthy* decision, federal law only required state inmates filing civil rights actions pursuant to 42 U.S.C.

---

[11] The FTCA requires that a claim be presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The FTCA further requires that before an action may be commenced in court, the claimant must present his claim to the appropriate administrative agency for determination. 28 U.S.C. § 2675(a). The plaintiff has stated that any claims alleged under the FTCA should be dismissed - presumably because he has failed to comply with these statutes and has failed to exhaust his administrative remedies. (Pl.'s Mem. Opp. Summ. J. Mot. at 2.)

10

§ 1983 to exhaust administrative remedies. However, after the *McCarthy* decision, Congress enacted the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996). The plaintiff's *Bivens* claims are subject to the exhaustion requirements of the PLRA. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In his response to the defendants' motion for summary judgment, the plaintiff contends he was told that the Marshals' Service had no grievance procedure but he made a good faith attempt to resolve this dispute administratively by writing two letters. (Pl.'s Mem. Opp. Def. Marshals' Summ. J. Mot. at 3.) However, in the two letters which the plaintiff wrote, he merely requested a transfer from the LCDC to a detention center where the plaintiff could keep his box of legal materials in his cell. (*Id.* at Exs. B & C.) He did not attempt to grieve the search and seizure of his legal materials.

### *Plaintiff's Motion to Hold Proceedings in Abeyance*

The plaintiff has filed a motion to hold the proceedings in abeyance so that he can conduct discovery. (Docket Entry #36.) The plaintiff also contends summary judgment is inappropriate until he has had a chance to conduct discovery. The plaintiff has alleged that the two John Doe defendants are the Marshals who took his legal materials from him. (Am. Compl. at 2.). He contends, inter alia, that he needs to conduct discovery to determine the identity of these two John Doe defendants and obtain statements and documents from them which would support his claims. (Pl.'s Mot. to Hold Proceedings in Abeyance at 1.) However, the defendants' summary judgment motions can be resolved on the record before this court without the need for further discovery because there is no genuine issue of material fact regarding the plaintiff's claims. The identity of the two John Doe's could not change the court's conclusion that the defendants are entitled to summary judgment as a matter of law. *See*

11

*Strag v. Board of Trustees*, 55 F.3d 943, 954 (4th Cir.1995) (stating that denial of a discovery motion does not constitute reversible error where the information sought could not be used to defeat summary judgment); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Accordingly, summary judgment is not inappropriate at this time and the plaintiff's motion to hold the proceedings in abeyance pending discovery should be denied.

The court finds that defendants are entitled to judgment as a matter of law on the plaintiff's claims against them. Because of this finding, it is unnecessary to reach the defendants' argument that they are entitled to qualified immunity.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motions for Summary Judgment (#29 and #33) be GRANTED; the Plaintiff's motions for Partial Summary Judgment (#41) and to Hold the Proceedings in Abeyance Pending Discovery (#36) be DENIED; and the plaintiff's claims be DISMISSED with prejudice.

It is further RECOMMENDED, if the District Court adopts this report, that the plaintiff's pending motions for an extension (#35) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 31, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).